UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HYUN WOO CHO,

          Plaintiff,

   v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

          Defendants.

Case No. 25-cv-08305-AMO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 16

This self-represented case involves claims brought under the Fair Credit Reporting Act. Before the Court is Defendant Equifax Information Services LLC's motion to dismiss, in which Defendant Experian Information Solutions, Inc. joined. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6; Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to dismiss for the following reasons.

## I.    BACKGROUND[1]

Plaintiff Hyun Woo Cho includes one paragraph of factual allegations in their operative complaint. *See* Dkt. No. 6, First Amended Complaint ("Am. Compl."). The paragraph states that Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC "failed to conduct reasonable reinvestigations, ignored FTC Identity Theft Affidavit # 190100360, and continued to report fraudulent accounts in violation of 15 U.S.C. §§ 1681i and 1681c-2. Delete or lock identity theft accounts, Reinvestigate disputed information,

---

[1] These facts are drawn from the allegations in Cho's amended complaint, which the Court accepts as true and construes in the light most favorable to Cho. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

and Maintain reasonable procedures to ensure accuracy." *Id.* at 4. From the exhibits attached to Cho's complaint, the Court gathers that Cho's identity was stolen in 2019, and multiple fraudulent credit cards were opened in their name. Dkt. No. 6-2 at 1-2. Defendants reported that Cho made late payments on these credit cards. Dkt. Nos. 6-3, 6-4, 6-5. Cho contacted Defendants to inform them that the late payments were "inaccurate and unverifiable" and asked Defendants for "deletion of all late payments" and for "a full reinvestigation under 15 U.S.C. § 1681i[.]" *Id.*

Cho filed suit on September 30, 2025. Dkt. No. 1. On October 14, 2025, Cho filed an amended complaint, asserting causes of action under the Fair Credit Reporting Act, Title 15 U.S.C. §§ 1681i and 1681c-2. Dkt. No. 6 at 3. On December 12, 2025, Equifax filed a motion to dismiss. Dkt. No. 16. On December 24, 2025, Cho filed an opposition to the motion to dismiss. Dkt. No. 26. On January 9, 2026, Experian filed a notice stating that it joined in Equifax's motion to dismiss. Dkt. No. 32. Neither Equifax nor Experian filed a reply brief, and the time to do so has passed.

## II. LEGAL STANDARD

### A. Failure to State a Claim

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)). While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Though entitled to a generous reading of the complaint, an unrepresented plaintiff must still meet these pleading standards. *See Hughes v.*

United States District Court
Northern District of California

*Rowe*, 449 U.S. 5, 9-10 (1980); *see also Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Feathers v. SEC*, No. 22-cv-05756-JD, 2022 WL 17330840, at *1 (N.D. Cal. Nov. 29, 2022).

### B. Article III Standing

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). To establish standing, "(1) the plaintiff [must have] suffered an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3) the injury is 'likely' to be 'redressed by a favorable decision.' " *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.' " *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 597 (9th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016)). The Court has an independent duty to ensure a plaintiff has Article III standing and may dismiss a claim for lack of standing *sua sponte*. *Andrys v. Grounds*, No. C 12-084 SI PR, 2012 WL 1850912, at *1 (N.D. Cal. May 19, 2012) ("Federal courts have the power and the duty to raise the issue of standing sua sponte and to dismiss the action if standing is wanting.").

### III. DISCUSSION

#### A. Cho's Pleading

As an initial matter, the Court recognizes that Cho attached 19 exhibits to his complaint which provide further information on identity theft to which he fell victim and his communications with Defendants regarding that identity theft. *See* Dkt. Nos. 6-1 – 6-19. Although the Court can consider attachments to a complaint in deciding a motion to dismiss, *Allen v. Tomar*, No. 14-CV-4279 LB, 2015 WL 5525878, at *4 (N.D. Cal. Sept. 18, 2015), Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Cho cannot circumvent Rule 8's requirement by attaching a bevy of

United States District Court
Northern District of California

exhibits to his complaint. *See Greenspan v. Qazi*, No. 20-CV-03426-JD, 2021 WL 3173205 (N.D. Cal. July 27, 2021), *aff'd*, No. 22-16110, 2024 WL 1461364 (9th Cir. Apr. 4, 2024) ("The short and plain statement of a claim required of a complaint by Rule 8 does not contemplate the attachment of a box of exhibits."); *Mendel v. Chao*, No. 19-CV-03244-JST, 2020 WL 13600294, at *3 (N.D. Cal. June 18, 2020). To the extent Cho desires to include the information contained in exhibits in his complaint, he shall plead facts so doing.

### B. Cho's Claims

Cho brings claims under Sections 1681i and 1681c-2 of the Fair Credit Reporting Act ("FCRA"). Dkt. No. 6 at 3-4. They also request "[s]tatutory and punitive damages for willful noncompliance under 15 U.S.C. § 1681n[.]" *Id.* at 4. The Court discusses each claim in turn.

To prevail on a Section 1681i claim under FCRA, Cho must demonstrate an inaccuracy existed in Defendants' reporting. *Roybal v. Equifax*, No. 2:05CV01207MCEKJM, 2008 WL 4532447, at *4 (E.D. Cal. Oct. 9, 2008). "Inaccurate" means information that "either is patently incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal quotation marks and citation omitted). Here, the only allegation related to inaccurate reporting is that Defendants "continued to report fraudulent accounts[.]" Am. Compl. at 4. But this is a conclusory statement that the Court need not credit as true. *See Iqbal*, 556 U.S. at 678-79. Indeed, a plaintiff must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Id.* at 678. Cho's complaint does not include underlying facts that would permit the Court to "plausibly infer" that Defendants violated Section 1681i. *See Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 963 (9th Cir. 2025). Accordingly, Cho has failed to state a claim under Section 1681i.

Section 1681c-2 requires a consumer reporting agency to "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft." *King v. Equifax Info. Servs., LLC*, No. C 22-07484 WHA, 2023 WL 8171735, at *4 (N.D. Cal. Nov. 23, 2023). While Defendants did not move to dismiss this claim, *see generally* Dkt. No. 16, the Court must exercise its independent duty to ensure a plaintiff has

4

Article III standing. *Andrys*, 2012 WL 1850912, at *1 (N.D. Cal. May 19, 2012). Cho's operative complaint does not allege that Cho was injured by Defendants conduct in any way. *See generally* Dkt. No. 6. Thus, Cho has not adequately alleged that he suffered a "concrete, particularized injury which is actual or imminent" as required to satisfy Article III's standing requirement. *Andrys*, 2012 WL 1850912, at *1 (N.D. Cal. May 19, 2012). Accordingly, the Court must dismiss Cho's Section 1681c-2 for lack of standing.

Finally, Cho alleged willful violations of FCRA in the prayer for relief. Because Cho has failed to state a claim under FCRA, it follows that their willfulness claim fails. *See Messano v. Experian Info. Solutions, Inc.*, 251 F. Supp. 3d 1309, 1316. Accordingly, the Court GRANTS Defendants' motion to dismiss.

### C. Leave to Amend

Courts dismissing a complaint for failure to state a claim should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Cho may be able to plead additional facts to establish claims under the Fair Credit Reporting Act and to establish that Cho has standing to pursue their claims, the Court allows Cho leave to amend their claims. The Court cautions Cho that repeated failure to cure the deficiencies identified in this Order will result in dismissal with prejudice. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (courts have discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Cho may file an amended complaint no later than June 2, 2026. Cho may not add new claims or parties absent consent from Defendants or leave of Court. Any amended complaint must contain a short and plain statement of each claim for relief Cho asserts against Defendants, identify the legal authority and facts that support each claim, and state what relief Cho seeks from the Court. Failure to file an amended complaint by June 2, 2026, will result in dismissal of this case.

United States District Court
Northern District of California

In amending the complaint, Cho is encouraged to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney.  More information about the program is available online at the Court's website at https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses.

**IT IS SO ORDERED.**

Dated: May 5, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

6